COLUMBUS MILLER v. THE STATE.

No. 4341.   Decided January 31, 1917.

1.—Theft of a Horse—Intent to Defraud—Original Taking—Insufficiency of the Evidence.

Where, upon trial of theft of a horse, the evidence showed no fraudulent intent on the part of the defendant at the time he took the alleged stolen horses to deprive the owner of the value thereof, but showed that the same were taken under a claim of right, the conviction could not be sustained.

2.—Same—Requested Charge—Venue.

Where, upon trial of theft of a horse, the evidence showed that there was no fraudulent intent on the part of the defendant at the time of the original taking, the court should not have submitted a charge requested by the State with reference to venue of the case.

Appeal from the District Court of Palo Pinto. Tried below before the Hon. J. B. Keith.

Appeal from a conviction of theft of a horse; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

D. G. Hunt, E. A. Hill, and Penix & Miller, for appellant.—On question of insufficiency of the evidence and absence of fraudulent intent: Seimers v. State, 55 S. W. Rep., 334; Bullard v. State, 41 Texas Crim. Rep., 225; Beckham v. State, 22 S. W. Rep., 411; Parks v. State, 29 Texas Crim. App., 597; Williams v. State, 30 Texas Crim. App.,

153; Nichols v. State, 12 S. W. Rep., 500; Young v. State, 34 Texas Crim. Rep., 290; McAfee v. State, 14 Texas Crim. App., 668; Knutson v. State, 14 id., 570; Whitaker v. State, 62 Texas Crim. Rep., 36.

*E. B. Hendricks,* Assistant Attorney General, for the State.

DAVIDSON, PRESIDING JUDGE.—The indictment contains three counts. Appellant having been convicted under the first count, the others are not noticed. It charged him with an ordinary theft of horses.

There are several questions raised by exceptions to the charge and the introduction of testimony. Without going into a discussion of these seriatim, the main proposition turns upon whether or not the State has made a case of theft, conceding all the facts for the State. Appellant was in charge, if not the owner, of certain landed property. There is a question as to whether or not the mother-in-law of the alleged owner of the horses owned or controlled eighty acres of the tract of land. There is considerable testimony pro and con in reference to this matter. There was also a question as to whether appellant had the right of pasturage, or controlled that matter, when stock were placed in the pasture. There seems to be no question of the fact that he controlled it, unless it was as to the eighty acres. That was a disputed issue to some extent, and it was also a question as to whether or not the mother-in-law of the alleged owner really owned or controlled the land. Castleberry owned some horses; these he desired to pasture on the tract of land mentioned, and had one or more conversations with appellant with reference to placing the horses in the pasture. It was agreed, however, they should be sent to the pasture, and were sent. There were several conversations between appellant and Castleberry with reference to payment of pasturage. Castleberry undertook to make arrangements to satisfy appellant about the pasturage but failed. Appellant then took in charge two of the animals alleged in the indictment and advertised their sale to pay pasturage, which seems to have amounted to about sixty dollars. A day or two before the advertisement was complete Castleberry instituted suit and sequestrated the animals. This suit was in the Justice Court. Directly after this appellant replevied the horses, gave bond, and took charge of them. The case tried in the Justice Court resulted in favor of appellant. Castleberry appealed to the County Court. In that trial Castleberry won. Appellant had carried, about that time, the horses to Palo Pinto County; all these other matters having arisen in Eastland County. This is a sufficient statement of the facts, and under this statement appellant claims that the case, from any viewpoint, could not present one of horse theft.

In order to constitute theft of property under the general statute, the original taking must be fraudulent, that is, at the time of the taking the fraudulent intent existed to deprive the owner of he value

of the property and excluded the idea that the party had any right to take the property. As we understand this record there is nothing to indicate any fraudulent intent on the part of appellant at the time he took the horses up and advertised them for sale for the purpose of securing his pasturage on these and the other horses. If the pasturage was due and he took up the horses and advertised them for sale in order to secure the payment of this pasturage, it would not be a taking for the purpose of fraudulently depriving Castleberry of his property or its value. The civil proceedings indicate that it was a disputed issue, with rather a preponderance of evidence in favor of appellant, that the pasturage was owing and due, and that Castleberry had failed to pay the pasturage, and appellant took this method of securing the payment of such pasturage. From no viewpoint would this be a fraudulent taking under the statute of theft. Whatever may have been the result of the litigation, the horses were taken for the purpose originally of paying the debt due from Castleberry to appellant. This would not be a fraudulent taking, whether the steps taken were critically legal or not. It seems in the Justice Court the trial resulted favorably to appellant by awarding him the horses, and under this view of it he carried them to Palo Pinto County, where this prosecution was instituted.

It is unnecessary, under this view of the case, to discuss the charge of the court, which was given at the instance of the State, that where property is stolen in one county the taker may be prosecuted in any county through or into which he carried the property. Appellant had carried the property from Eastland into Palo Pinto County. If the original taking was not fraudulent, this character of charge was inappropriate and was not authorized. Believing, as we do, under the facts there could be no theft or original fraudulent taking, that charge should not have been given, but beyond this, under the facts the State has failed to make out a case of theft, and the conviction ought not to have occurred.

The judgment is, therefore, reversed and the cause remanded.

*Reversed and remanded.*

MORROW, Judge, absent.